UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROY SASTROM,

    Petitioner,

v.                                                                Case No. 5:11-cv-411-Oc-30TBS

WARDEN, FCC COLEMAN- USP II,

    Respondents.
_____

## ORDER OF DISMISSAL

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, serving a sentence imposed by the United States District Court in Boston, Massachusetts.[1]

Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner was denied relief under 28 U.S.C. § 2255. Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief …"

---

[1] *See United States v. Sastrom*, case no. 1:08-cr-103140001.

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."  However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence."  Id. (*citing Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has not demonstrated that he is entitled to pursue his claims under the savings clause pursuant to *Wofford*.  Further, a review of the Court's docket reveals that this is the second petition that Petitioner has filed with these claims.  *See Sastrom v. Warden*, case 5:11cv182.  The instant Petition is frivolous, successive and an abuse of the writ.[2]

Accordingly, the Petition under 28 U.S.C.§ 2241 (Doc. 1) is **DISMISSED.**  The Clerk is directed to dismiss the Petition with prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on August 17, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

c: Roy Sastrom

---

[2] *See Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990) (previously adjudicated issues are barred by the successive writ rule and the abuse of the writ doctrine).

2